```
 1  POLSINELLI LLP
    Lindsay L. Ryan (SBN 258130)
 2  Armida Derzakarian (SBN 322608)
    2049 Century Park East, Suite 2900
 3  Los Angeles, CA 90067
    Telephone:   (310) 556-1801
 4  Facsimile:   (310) 556-1802
    Email:       lryan@polsinelli.com
 5               aderzakarian@polsinelli.com

 6  Attorneys for Defendant
    BYRAM HEALTHCARE CENTERS, INC.
 7
 8                UNITED STATES DISTRICT COURT
 9                SOUTHERN DISTRICT OF CALIFORNIA
10
11
12  SCOTT FILIPEK, an individual          Case No.  '22CV0076 L     BLM
13           Plaintiff                    [Orange County Superior Court Case
                                          No. 30-2021-01236176-CU-WT-NJC]
14       v.
15  BYRAM HEALTHCARE CENTERS,
    INC.; and DOES 1 to 100, Inclusive;   NOTICE OF REMOVAL OF CIVIL
16                                        ACTION FROM STATE COURT
17           Defendants.
18
                                          Complaint Filed:   December 14, 2021
19                                        Complaint Served:  December 20, 2021
20
21
22
23
24
25
26
27
28
                                          1
                    NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
81500530.2
```

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BYRAM HEALTHCARE CENTERS, INC. ("Defendant" or "Byram"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Orange (the "State Court"), in which the action is currently pending, to the United States District Court for the Southern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and all other applicable bases for removal.  In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1. On December 14, 2021, Plaintiff Scott Filipek ("Plaintiff") commenced this civil action against Defendant, captioned *Scott Filipek v. Byram Healthcare Centers, Inc.*, Case No. 30-2021-01236176-CU-WT-NJC, in State Court by filing a Complaint (the "State Court Action").  Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

2. On December 20, 2021, Plaintiff served Defendant with the Complaint and the following documents:

   **Exhibit B:**   Summons
   **Exhibit C:**   Civil Case Cover Sheet
   **Exhibit D:**   Notice of Hearing Case Management Conference
   **Exhibit E:**   Alternative Dispute Resolution (ADR) Information Packet

3. Defendant is informed and believes that there has been no service of process upon any "Does," which are fictitious defendants and therefore disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

4. As required by 28 U.S.C. § 1441, Defendant removes this case to the United States District Court for the Southern District of California which is the District Court embracing the place where the State Court Action has been filed.

5.  In accordance with 28 U.S.C. § 1446(d), Defendant is giving written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## TIMELINESS OF REMOVAL

6.  This action has not previously been removed to federal court.

7.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the [D]efendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendant has filed this Notice of Removal within 30 days of December 20, 2021, the date on which Defendant was served. Accordingly, this action is being removed within 30 days of the first date upon which Defendant was served with any paper giving it knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

8.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal.

9.  As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Southern District of California, which is the District Court embracing the place where the State Court Action has been filed.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendant, on the other hand; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs.

## CITIZENSHIP OF PARTIES

11. **Plaintiff's Citizenship.** Defendant is informed and believes that, at all times relevant to this action, Plaintiff has been a resident and citizen of the State of California and the County of Orange. *See* Exh. A (Complaint), ¶ 1. *See, e.g.*

*Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 885 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address).

12. **Defendant Byram Healthcare Centers, Inc.'s Citizenship.** Defendant is a New Jersey corporation with its headquarters and principal place of business in White Plains, New York. *See* California Secretary of State Business Portal website at https://businesssearch.sos.ca.gov (Corporation Name Searched: "BYRAM."). For purposes of diversity jurisdiction, the citizenship of a corporation is "every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to the corporate headquarters where a corporation's high-level officers, direct, control, and coordinate the corporation's activities on a day-to-day business, also known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-03 (2010) (rejecting all prior tests in favor of "nerve center" test); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed"). Applying this test, Defendant is a citizen of New Jersey and New York—but not California—for diversity purposes.

13. The sole member of Defendant is Byram Holdings I, Inc., which is a New Jersey corporation with its headquarters and principal place of business in White Plains, New York. *See* New Jersey Secretary of State Business Portal website at https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName (Business Name Searched: "Byram Holdings I"). Applying the test of citizenship for corporations, Byram Holdings I, Inc. is a citizen of New Jersey and New York— but not California.

14. The sole member of Byram Holdings I, Inc. is O&M Byram Holdings, GP, which as its name suggests, is a holding company that does not itself conduct any business in California or anywhere else. O&M Byram Holdings, GP is a Delaware general partnership. *See* Delaware Secretary of State Business Portal website at https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (Entity Name Searched: "O&M Byram"). To determine the citizenship of a partnership, the Court looks to the citizenship of the individual partners. *See Schnabel v. Lui*, 302 F.3d 1023, 1030, n.3 (9th Cir. 2002) ("a partnership is a citizen of every state of which its partners are citizens"). O&M Byram Holdings, GP's partners are Barista Acquisition I, LLC, a Virginia limited liability company, and Barista Acquisition II, LLC, a Virginia limited liability company. Applying the citizenship test for general partnerships, O&M Byram Holdings, GP is a citizen of Delaware and Virginia—but not California.

15. Barista Acquisition I, LLC and Barista Acquisition II, LLC are each a Virginia limited liability company with its headquarters and principal place of business in Mechanicsville, Virginia. *See* Virginia Secretary of State Business Portal website at https://cis.scc.virginia.gov/EntitySearch/Index (Entity Name searched: "Barista Acquisition I" and "Barista Acquisition II"). Accordingly, Barista Acquisition I, LLC and Barista Acquisition II, LLC are each a citizen of Virginia—but not California.

16. Therefore, even when looking to the citizenship of Defendant's members, Defendant could only be a citizen of New Jersey, New York, Delaware, and Virginia—but not California—for diversity purposes.

17. **Doe Defendants.** Defendants "DOES 1 to 100" are fictitious defendants, and "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

18. Thus, there is complete diversity between Plaintiff (California) and

1  Defendant (New Jersey, New York, Delaware, and Virginia).

## AMOUNT IN CONTROVERSY

19. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972). A notice of removal may satisfy this burden through plausible allegations, consistent with Fed. R. Civ. P. 8(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550, 554 (2014). Evidentiary submissions are not required unless and until the defendant's allegations are contested by the plaintiff or questioned by the Court. *Id.* at 554. This standard is appropriate even when the complaint fails to allege or seek a specific amount of damages. *See Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

20. In determining whether the amount-in-controversy exceeds $75,000.00, the Court must presume that Plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor, Inc.*, 31 F.3d 1092 (11th Cir. 1994) (stating that the amount-in-controversy analysis presumes that "plaintiff prevails on liability"). Additionally, the Court may look beyond the complaint to determine whether the amount-in-controversy is met, if necessary. *See Abrego, supra*, 443 F.3d at 690.

21. The amount-in-controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (recognizing that attorneys' fees may be taken into account to determine jurisdictional amount). The amount-in-controversy may also include punitive damages and emotional distress damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske*

*v. U.S., BankCorp.*, 432 F.3d 976, 980 (9th Cir. 2005).

22. Here, Plaintiff asserts in his Complaint six causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Engage in the Interactive Process in Violation of FEHA; (3) Failure to Accommodate Disability in Violation of FEHA; (4) Wrongful Termination; (5) Retaliation under FEHA; and (6) Intentional Infliction of Emotional Distress. In connection with such claims, Plaintiff seeks recovery of lost wages, "emotional distress, and physical and mental pain and anguish," punitive damages, and attorneys' fees and costs. *See* Exh. A (Complaint), ¶¶ 21-24, 29-32, 36-40, 46-48, 52-55, 57-60 and Prayer for Relief.

23. **Compensatory Damages**. Plaintiff was employed as a full-time, non-exempt employee earning $17.25 per hour as of the date his employment terminated on June 18, 2021. Therefore, to date, Plaintiff's alleged lost wages alone would amount to at least **$21,390** (32 weeks since separation x 40 hours per week x $17.25 per hour), exclusive of interest and the value of lost benefits.[1]

24. **Emotional Distress Damages.** Plaintiff also seeks to recover damages for alleged emotional distress. Emotional distress damages can be considered when calculating the amount in controversy, even when the pleadings are vague as to the

---

[1] Several courts have found that this jurisdictional minimum is satisfied in employment lawsuits with similar known damages at the time of removal. *See, e.g., Perez v. Baxter Healthcare Corp.*, 2012 U.S. Dist. LEXIS 160051, *3 (C.D. Cal. 2012) (holding that jurisdictional minimum was satisfied where the plaintiff's economic damages were no more than $25,851.78 because noneconomic damages for emotional distress in wrongful termination cases for a successful plaintiff ranged from $82,000 to $300,000); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (finding that defendant established the amount in controversy where the plaintiff's wage loss was just $25,600, and the plaintiff sought unspecific amounts in attorneys' fees, punitive damages, and emotional distress damages); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1997) (affirming that defendant met the former $50,000 jurisdictional minimum where the plaintiff sought approximately $30,000 in tort damages as well as punitive damages).

amount sought.  *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. Apr. 25, 1995) (J. Brewster) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.").  Defendant can show the amount in controversy by introducing emotional distress awards in similar cases.  *See Kroske*, *supra*, 432 F.3d at 980; *see also Simmons*, *supra*, 209 F. Supp. 2d at 1034.  The facts of such case need not be "perfectly analogous" to meet the "more-likely-than-not standard."  *See Simmons*, *supra*, 209 F. Supp. 2d at 1034.  In employment actions, emotional distress damages frequently exceed the $75,000 amount in controversy by themselves.  For example, in *Kolas v. Access Business Group*, 2008 WL 496470 (Cal. Super. Ct. Jan. 14, 2008), a jury awarded $200,000 in emotional distress damages based on a claim that the plaintiff was fired based on his age and disability and in retaliation for filing a workers' compensation claim for a herniated disc he sustained on the job.  *See also Lemke v. BCI Coca-Cola of Los Angeles*, 2004 Jury Verdicts LEXIS 46138 (awarding $135,000 in emotional distress damages in wrongful termination action);  *see also Anderson v. Amer. Airlines, Inc.*, 2008 Measley's CA Jury Verdicts & Settlements 2008 (awarding $1 million in emotional distress damages in federal wrongful termination action); *Randy Dossat v. Hoffmann-LaRoche, Inc., et al.*, 2012 LexisNexis Jury Verdicts & Settlements 50 (awarding $1.7 million in emotional distress damages to the plaintiff on federal age discrimination claims).  Further, in *Kroske*, *supra*, 432 F.3d at 980, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy where the plaintiff's wage loss was only $55,000; *see also Hurd v. Am. Income Life Ins.*, 2013 WL 5575073 (C.D. Cal. 2013) (finding that emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum) (int. cit. omitted)).  Accordingly, while it would be reasonable to estimate a significantly higher amount of emotional distress damages, consistent with

*Kroske* Defendant conservatively estimates that the minimum amount in controversy on Plaintiff's emotional distress claims is at least **$25,000** for purposes of removal jurisdiction in this action.

25. **Punitive Damages.** The Ninth Circuit has held that punitive damages should be considered by a district court when determining the amount-in-controversy where they are recoverable as a matter of law. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff's ostensible compensatory damages as of the time of removal is at least $46,390 ($21,390 + $25,000). Utilizing the ratio of 3:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the general damages at issue in this action, the potential punitive damages award in this action could be $139,170 ([$21,390 lost wages] + [$25,000 emotional distress] x 3). However, for purposes of this removal, Defendant again conservatively estimates that the minimum value of Plaintiff's punitive damages as only **$50,000** for purposes of calculating the amount in controversy, even though Defendant denies that Plaintiff can ultimately establish the necessary conditions for obtaining exemplary damages.

26. **Attorneys' Fees.** Plaintiff further seeks an award of attorneys' fees. The amount of attorneys' fees must be considered when determining whether the amount in controversy meets the jurisdictional threshold. *See Kroske*, *supra*, 432 F.3d at 980; *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018 (N.D. Cal. 2003); *Galt*, *supra*, 142 F.3d at 1155-56. Moreover, the Ninth Circuit recently concluded that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v.*

*Swift Transp. Co. of Ariz., LLC*, 2018 U.S. App. LEXIS 22036, *17 (9th Cir. 2018). "[W]hen we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds." *Id*. "Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are "at stake" in the litigation'…." *Id*. "[A]ttorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, *supra*, 209 F. Supp. 2d at 1035. In *Simmons*, the court observed that $5,000 to $6,500 was likely an accurate representation of the plaintiff's attorneys' fees incurred just through the date of removal. *Id*. at 1034. Accordingly, Defendant will conservatively estimate **$5,000** in statutory attorneys' fees, even though the amount incurred to date in this action is likely much higher, and the amount that will be incurred through trial, by itself, likely exceeds the minimum amount in controversy for federal jurisdiction.

27. In sum, the amount-in-controversy in this action **as of and through the date of removal** is <u>conservatively</u> estimated to be **$106,459.20**, based on the information in the Complaint and the information presently known to Defendant, as detailed below:

| DAMAGES | CALCULATION | TOTAL |
|---|---|---|
| Lost Wages through the date of removal (exclusive of benefits and interest) | 32 weeks since termination x 40 hours per week x $17.25 hourly rate of pay | $21,390.00 |
| Emotional Distress Damages | Conservatively estimated based on analogous case law. | $25,000.00 |
| Punitive Damages | Conservatively estimated based on compensatory damages as of date of removal. | $50,000.00 |
| Statutory Attorneys' Fees through the date of removal | Conservatively estimated based on analogous case law. | $5,000.00 |
| **TOTAL**[2] | | **$101,390.00** |

---

[2] Plaintiff also seeks relief for loss of benefits. Defendant has not placed any value

1  28. As demonstrated above, the amount in controversy easily exceeds the
2  jurisdictional minimum of $75,000, exclusive of interest and costs.
3  29. Because there is complete diversity of citizenship between Plaintiff, on
4  the one hand, and Defendant, on the other hand, and Plaintiff seeks damages in
5  excess of the $75,000 jurisdictional threshold, Defendant may remove this action
6  pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## VENUE

30. Venue lies in this Court because the State Court Action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

31. Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by Defendant of any fact, or the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action (including without limitation any issues relating to personal jurisdiction and/or service of process), all of which are hereby fully and expressly reserved. Further, Defendant expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

---

on lost benefits for purposes of this removal, although the Court may properly consider its value. Thus, if that amount in controversy is included as well, it becomes even clearer that Plaintiff's claims exceed the amount in controversy threshold.

WHEREFORE, Defendant respectfully removes to this United States District Court the above-captioned action now pending in the State Court.

DATED: January 19, 2022    **POLSINELLI LLP**

By: *(signature)*
Lindsay L. Ryan
Armida Derzakarian

Attorneys for Defendant
BYRAM HEALTHCARE CENTERS, INC.