# EXHIBIT A

Case 3:22-cv-00076-L-BLM   Document 1-2   Filed 01/19/22   PageID.16   Page 2 of 13

Electronically Filed by Superior Court of California, County of Orange, 12/14/2021 01:00:53 PM.
30-2021-01236176-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Maribel B. Ullrich, Esq. SBN 246970
LAW OFFICES OF MARIBEL ULLRICH
20042 Beach Boulevard, Suite 100
Huntington Beach, CA 92648
TEL: (714) 465-9646
FAX: (714) 274-9710
Email: maribel@mullrichlaw.com

Attorneys for Plaintiff,
SCOTT FILIPEK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE
### North K.T. CENTRAL JUSTICE CENTER

| | |
|---|---|
| SCOTT FILIPEK, an individual; | Case No.: 30-2021-01236176-CU-WT-NJC |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: Judge Fred W. Slaughter |
| | **PLAINTIFF SCOTT FILIPEK'S COMPLAINT FOR DAMAGES** |
| vs. | 1. **DISABILITY DISCRIMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT ("FEHA"), CALIFORNIA GOVERNMENT CODE § 12940(a);** |
| BYRAM HEALTHCARE CENTERS, INC.; and DOES 1 to 100, Inclusive; | 2. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA- FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, CALIFORNIA GOVERNMENT CODE § 12940(n);** |
| Defendants. | 3. **FAILURE TO ACCOMMODATE A DISABILITY IN VIOLATION OF FEHA, CALIFORNIA GOVERNMENT CODE § 12940(m);** |
| | 4. **WRONGFUL EMPLOYMENT TERMINATION;** |

1

)   5.   **RETALIATION (Gov. Code §12940(h));**
)
)   6.   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**
)
)   **DEMAND FOR JURY TRIAL**
)

NOW COMES PLAINTIFF SCOTT FILIPEK (hereinafter referred to as "PLAINTIFF") to allege, and complain against Defendant, BYRAM HEALTHCARE CENTERS, INC., and DOES 1 to 100, Inclusive, (hereinafter referred to as 'DEFENDANT') as follows:

## I.
## JURISDICTION AND VENUE

1.   Jurisdiction and venue are proper in this Court because some or all of the claims alleged herein arose in Orange County and some or all of the parties were and/or are residents of Orange County or are doing or did business in Orange County at all times relevant herein.

2.   PLAINTIFF has met all of the jurisdictional requirements for proceeding with his claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Notice of Case Closure and a Right to Sue letter ("Right To Sue Letter"). In addition, PLAINTIFF has complied with the Requirements of California Government Code §12962 by serving BYRAM HEALTHCARE CENTERS, INC., with his DFEH Charges and Right-to-Sue Letter.

## II.
## PARTIES

**PLAINTIFF:**

3.   PLAINTIFF was hired by DEFENDANT around September of 2017, in the warehouse department.

4.   During the entirety of his employment with DEFENDANT, PLAINTIFF fully and

2

PLAINTIFF'S COMPLAINT

satisfactorily performed the duties of his employment.

**NAMED DEFENDANT:**

5.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANT at all times mentioned in this complaint, are doing business in the State of California, operating and doing business in the city of Huntington Beach, County of Orange.

**DOE DEFENDANTS:**

6.  The true names or capacities, whether individual, associate or otherwise, of Doe Defendants 1-100, inclusive, are unknown to PLAINTIFF and, therefore, PLAINTIFF sues these Doe Defendants by such fictitious names. PLAINTIFF will seek leave of this Court to amend this Complaint to allege such names and capacities as soon as they are ascertained. PLAINTIFF is informed and believes and thereon alleges that each of these fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged herein, and that PLAINTIFF'S injuries and damages as alleged and set forth herein were proximately caused by such fictitiously named Doe Defendants.

**AGENCY/CO-CONSPIRATOR STATUS OF EACH DEFENDANT:**

7.  Each of the individual Doe Defendants is sued individually and in his/her/its or his/her/its capacity as an agent, representative, manager, supervisor, independent contractor and/or employee of BYRAM HEALTHCARE CENTERS, INC.

8.  PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, BYRAM HEALTHCARE CENTERS, INC., including the Doe Defendants, acted in concert and in furtherance of each other's interest. The acts of any Doe Defendants, as described herein, were known to and ratified by BYRAM HEALTHCARE CENTERS, INC. The acts and conduct of any and all Defendants as described herein, were not a normal part of PLAINTIFF'S employment and were not the result of a legitimate business necessity.

### III.

### FACTUAL BACKGROUND

9.  PLAINTIFF was hired by BYRAM HEALTHCARE CENTERS, INC., in the Warehouse Department around September 20, 2017.

PLAINTIFF'S COMPLAINT

10. PLAINTIFF has been suffering from hip pain due to the repetitive duties he was performing for BYRAM HEALTHCARE CENTERS, INC., which included lifting extremely heavy boxes. On March 24, 2021, PALINTIFF began to experience severe hip pain, to the point that it was difficult for him to walk. He reported his condition to the Supervisor/Lead, Gonzalo of an unknown last name, and to Joe Pau, General Manager.

11. On March 29, 2021, PLAINTIFF'S hip pain intensified, and he had to be sent to MCMG Westminster Goldenwest Urgent Care by Gonzalo. He was given a doctor's note placing him off work until March 31, 2021, the next doctor's visit.

12. On March 31, 2021, PLAINTIFF was seen again by the doctor and given a note containing work restrictions. The note also indicated that his symptoms have not significantly improved. On April 7, 2021, PLAINTIFF returned to see the doctor and again, he was given work restrictions with an indication that his symptoms have not significantly improved. PLAINTIFF visited the doctor on 4/14/2021, 4/21/2021, 5/14/2021, and 6/4/2021. All the notes given at these visits contain the same work restrictions. They also indicate that PLAINTIFF needs surgery (hip replacement) and physical therapy. All the doctor's notes were given to Gonzalo.

13. Before his surgery, PLAINTIFF received a letter from Cigna dated June 9, 2021, advising him that he had exhausted his Medical Leave.

14. On June 16, 2021, PLAINTIFF got what seems to be a self-serving text from the General Manager, Joe Pau, indicating, "Just going to try one last time. Please call HR or me today to talk about returning to work tomorrow. I can get us both in a call with HR."

15. On June 18, 2021, there was a conference call with PLAINTIFF, Dora Rosen, and Joe Pau. During this conversation, PLAINTIFF was fired. He was also given a letter dated June 18, 2021, firing him effective June 18, 2021.

16. PLAINTIFF asserts that he was fired due to his work-related injury and the required accommodations for said injury. He also asserts that he was fired in retaliation for sustaining and reporting a work-related injury and for opening a worker's compensation claim.

## IV

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DISABILITY-DISCRIMINATION IN VIOLATION OF FEHA, CALIFORNIA GOVERNMENT CODE §12940(a)

4

PLAINTIFF'S COMPLAINT

17. The allegations set forth in Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §12940(a), was in full force and effect and binding on DEFENDANT. These statutes required DEFENDANT to refrain from discriminating and/or harassing against any employee on the basis of a physical and/or mental disability. Within the time provided by law, PLAINTIFF filed his Complaint with the Department of Fair Employment and Housing ["DFEH"] in full compliance with the administrative requirements and received a right-to-sue letter. In addition, PLAINTIFF in a timely manner also complied with the Requirements of California Government Code §12962 by serving DEFENDANT with his DFEH Charges and Right-to-Sue Letter.

19. During PLAINTIFF'S employment, DEFENDANT through its supervisors and/or agents, engaged in actions intentionally that resulted in PLAINTIFF being treated less favorably because of his disability and the required accommodations. PLAINTIFF suffered from a disability as defined by FEHA and was terminated shortly after notifying DEFENDANT of his work injury.

20. PLAINTIFF believes and thereon alleges that his disability was a motivating and substantial factor in DEFENDANT'S termination of his employment.

21. As a proximate result of DEFENDANT'S willful, knowing and intentional discrimination of PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

22. As a proximate result of DEFENDANT'S willful, knowing, and intentional discrimination of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

23. DEFENDANT has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANT in an amount appropriate to punish and make an example of it.

24. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of her attorney's fees pursuant to California Government Code, §12965(b).

## SECOND CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA, FAILURE TO ENGAGE IN INTERACTIVE PROCESS, CALIFORNIA GOVERNMENT CODE §12940(n)

25. The allegations set forth in Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on DEFENDANT. These statutes required DEFENDANT to engage in an interactive process in assessing an employee's physical and/or mental disability in order to provide a reasonable accommodation. The Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine the effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical condition.

27. Within the time provided by law, PLAINTIFF filed his Complaint with the DFEH in full compliance with the administrative requirements and received a right-to-sue letter.

28. PLAINTIFF had a qualified disability which was known to DEFENDANT. He alleges that despite any work restrictions, he could have performed the essential functions of his job. DEFENDANT, however, never engaged in any interactive process. PLAINTIFF suffered from a disability as defined by FEHA and was terminated shortly after notifying DEFENDANT of his disability.

29. As a proximate result of DEFENDANT'S willful, knowing and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning his disability, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

30. As a proximate result of DEFENDANT'S willful, knowing, and intentional discrimination against PLAINTIFF, by failing to engage in an interactive process concerning his disability, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

31. DEFENDANT has committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring PLAINTIFF, with an improper and intentional motive amounting to malice and in conscious disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF requests the assessment of punitive damages against DEFENDANT in an amount appropriate to punish and make an example of it.

32. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees and seeks reimbursement of her attorney's fees pursuant to California Government Code, §12965(b).

## THIRD CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF F.E.H.A., GOVERNMENT CODE §12940(m)

33. The allegations set forth in Paragraphs 1 through 32 are re-alleged and incorporated herein by reference.

34. At all times herein mentioned, the Fair Employment and Housing Act ["FEHA"], Government Code §§ 12940(m), was in full force and effect and binding on DEFENDANT. This statute affirmed DEFENDANT'S duty to make reasonable accommodations for the known physical and/or mental disabilities of PLAINTIFF. This statute further required DEFENDANT to engage in an interactive process to reach a reasonable accommodation for an employee's disability.

35. PLAINTIFF alleges that DEFENDANT failed to reasonably accommodate his disabilities. PLAINTIFF further alleges that DEFENDANT failed to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities. PLAINTIFF believes and thereon alleges that his request to DEFENDANT for a reasonable accommodation concerning his physical condition, and the required treatment needed, were individually or in combination, motivating and substantial factors in DEFENDANT'S termination of his employment. Even though accommodating PLAINTIFF'S work restrictions would not have resulted in any performance issues by PLAINTIFF, DEFENDANT terminated his employment shortly after reporting his work injury. DEFENDANT failed to accommodate Plaintiff's known disability.

36. As a proximate result of DEFENDANT'S willful, knowing and intentional discrimination against PLAINTIFF, as a result of DEFENDANT'S failure to reasonably accommodate PLAINTIFF'S disabilities and as a result of DEFENDANT'S failure to engage in an

7

PLAINTIFF'S COMPLAINT

interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

37. As a proximate result of DEFENDANT'S willful, knowing, and intentional discrimination against PLAINTIFF, as a result of DEFENDANT'S failure to reasonably accommodate PLAINTIFF'S disabilities and as a result of DEFENDANT'S failure to engage in an interactive process to reach a reasonable accommodation concerning PLAINTIFF'S disabilities, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

38. DEFENDANT'S discrimination against PLAINTIFF because of his disabilities and because of PLAINTIFF'S request for reasonable accommodation was intentionally done in a malicious and oppressive manner, entitling PLAINTIFF to punitive damages. PLAINTIFF alleges that DEFENDANT by terminating him, and without providing him with reasonable accommodations concerning his disabilities, acted with intent to cause injury or that DEFENDANT'S conduct was despicable and was done with a willful and knowing disregard of the rights or safety of PLAINTIFF. PLAINTIFF further alleges that DEFENDANT by terminating him because of his disability, and the treatment of his disability, and because of his request for a reasonable accommodation concerning his disabilities, acted with knowing disregard as they were aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

39. PLAINTIFF further alleges that DEFENDANT'S termination of his employment because of his disabilities, the treatment of his disabilities and because of his request for a reasonable accommodation concerning his disabilities was despicable as DEFENDANT'S actions were so vile, base, or contemptible that it would be looked down on and despised by reasonable people. PLAINTIFF further alleges that DEFENDNAT by termination of his employment because of his disabilities, the treatment of his disabilities and because of PLAINTIFF'S request for reasonable accommodation, DEFENDANT subjected PLAINTIFF to cruel and unjust hardship in knowing disregard of PLAINTIFF'S rights. Accordingly, PLAINTIFF, requests the assessment of punitive damages against DEFENDANT in an amount appropriate to punish and make an example

of them.

40. PLAINTIFF has incurred and continues to incur legal expenses and attorney fees in a sum according to proof.

## FOURTH CAUSE OF ACTION

## WRONGFUL EMPLOYMENT TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE §12940

41. PLAINTIFF hereby incorporates the allegations of paragraphs 1 through 40 above as though fully set forth herein.

42. On June 18, 2021, an employment relationship existed between PLAINTIFF and DEFENDANT. On said date DEFENDANT wrongfully terminated PLAINTIFF in violation of a fundamental public policy and the Fair Employment and Housing Act ("FEHA"), in that PLAINTIFF was terminated from his employment due to his disability.

43. Government Code § 12920 expressly deems violations thereof in direct contradiction with the public policy of the state of California. It states that it is "declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

44. Government Code § 12940(h) states, "It is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (h) For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

45. California Government Code § 12940 states, "It is an unlawful employment practice for an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation of any person, to discriminate against

the person in compensation or in terms, conditions, or privileges of employment."

46. As a direct and proximate result of said wrongful termination, PLAINTIFF has sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

47. As a direct and proximate result of said wrongful termination, PLAINTIFF has sustained general damages for severe mental and emotional distress in sums prayed.

48. DEFENDANT acted with malice and oppression toward PLAINTIFF and with a conscious disregard of PLAINTIFF'S rights and PLAINTIFF is accordingly entitled to punitive and exemplary damages against DEFENDANT in sums sufficient to punish it and set an example in view of its financial condition.

## FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF GOV. CODE §12940(h)

49. PLAINTIFF hereby re-alleges and incorporates by reference paragraphs 1 to 48 as if set forth in full.

50. Government Code Section 12940(h) proscribes unlawful retaliation by employers against employees based on the employee having protested what the employee reasonably believes to be a violation of the law.

51. By virtue of the conduct set forth above, DEFENDANT violated said statute in that a substantial motivating factor for such adverse employment actions was to discriminate against PLAINTIFF based on his disability. He was terminated in retaliation for sustaining and reporting a disability.

52. As a direct and proximate result of the said retaliation PLAINTIFF sustained economic damages for past and prospective loss of earnings and benefits, according to proof.

53. As a further and direct and proximate result of the said retaliation PLAINTIFF sustained general damages for severe mental and emotional distress in sums prayed.

54. DEFENDANT acted with malice and oppression toward PLAINTIFF and with conscious disregard of PLAINTIFF'S rights and PLAINTIFF is accordingly entitled to punitive damages in sums sufficient to punish said DEFENDANT and set an example in view of its financial condition.

55. PLAINTIFF is further entitled to an award of statutory attorney's fees for bringing this action pursuant to Gov. Code Sec. 12965(b).

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. As described above, DEFENDANT and/or its agents/employees engaged in outrageous conduct towards PLAINTIFF which went outside the employment relationship, with the intention to cause, or with reckless disregard for the probability of causing PLAINTIFF to suffer physical and emotional distress. To the extent that said outrageous conduct was perpetrated by certain employee of DEFENDANT, and DEFENDANT ratified said conduct with the knowledge that PLAINTIFF'S emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to PLAINTIFF.

58. DEFENDANT was aware and/or should have been aware of the likelihood that PLAINTIFF would suffer severe emotional distress as a result of the above-described outrageous conduct. The outrageous and shocking conduct of DEFENDANT was done intentionally and for the purpose of inflicting upon PLAINTIFF extreme and severe emotional distress.

59. As a direct, foreseeable and legal result of DEFENDANT'S outrageous and unlawful acts, PLAINTIFF has suffered and will continue to suffer severe emotional distress including substantial pain and suffering, extreme and severe mental anguish, anxiety, embarrassment, humiliation, and attendant physical injuries and conditions. PLAINTIFF is thereby entitled to general and compensatory damages in amounts to be proven at trial.

60. The DEFENDANT committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring the PLAINTIFF, and/or in reckless disregard of PLAINTIFF'S rights or with a conscious disregard for PLAINTIFF'S rights and for the deleterious consequences of the DEFENDANT'S actions. DEFENDANT committed, authorized, condoned and ratified the unlawful conduct of all its agents/employees named in this complaint. Consequently, PLAINTIFF is therefore entitled to recover punitive damages from DEFENDANT in an amount according to proof.

11

## V.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment Against DEFENDANT as follows:

1. All special damages, according to proof;
2. For economic damages according to proof;
3. For general damages in excess of $500,000;
4. For exemplary and punitive damages according to proof;
5. For attorneys' fees, interests, and costs;
6. Prejudgment interest at the prevailing legal rate; and
7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of his claims by jury to the extent authorized by law.

Dated:   December 14, 2021

LAW OFFICES OF MARIBEL ULLRICH

*Maribel B. Ullrich*
Maribel B. Ullrich
Attorney for PLAINTIFF
SCOTT FILIPEK